# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRITTANY ROBINSON, | Case No. 2:19-cv-01530-RFB-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| UNIVERSAL HEALTH SERVICES, INC., | |
| Defendant. | |

Pro se plaintiff Brittany Robinson brings this lawsuit regarding a dispute she is having with her former employer. Robinson moves to proceed *in forma pauperis*. (IFP Application (ECF No. 2).) Robinson submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Robinson's request to proceed *in forma pauperis* therefore will be granted. The court now screens Robinson's complaint (ECF No. 2-1) as required by 28 U.S.C. § 1915(e)(2).

**I.  ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the complaint**

Robinson's complaint against Universal Health Services, Inc. alleges "wrongful termination after reporting [her] director to human resources" and demands that she "regain employment status and back pay from termination." (Compl. (ECF No. 2-1) at 1.) Robinson attaches to her a complaint a Notice of Right to Sue from the United States Equal Employment Opportunity Commission. (*Id.* at 2-3.)

Even liberally construing the complaint, the court finds Robinson does not state a claim against United Health Services. Although Robinson generally states that she was terminated for reporting her director to human resources, she does not include any other factual allegations, such as the name of the director, the reason for the reporting, the date of her termination from the company, or other factual allegations for the court to understand which legal claims she seeks to assert against United Health Services. Without additional factual allegations regarding the underlying dispute, the court cannot evaluate whether Robinson's complaint states a claim against United Health Services. The court therefore will dismiss Robinson's complaint without prejudice for her to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Robinson still must give each defendant fair notice of Robinson's claims against it and of Robinson's entitlement to relief.

Additionally, Robinson is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Robinson's amended complaint complete.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Robinson's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Robinson's complaint (ECF No. 2-1).

IT IS FURTHER ORDERED that Robinson's complaint is dismissed with leave to amend to state additional factual allegations. Robinson's deadline to amend the complaint is December 13, 2019. Robinson is advised that if she does not comply with this order, the undersigned will recommend to the assigned United States district judge that the case be dismissed.

DATED: November 13, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE