UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brittany Robinson, | Case No. 2:19-cv-01530-RFB-BNW |
| Plaintiff, | |
| v. | **Screening Order** |
| Universal Health Services, Inc., | |
| Defendant. | |

Before the court is Plaintiff Brittany Robinson's Amended Complaint. ECF No. 14. It appears Plaintiff is attempting to bring a retaliation claim against Universal Health Services. She alleges that she was harassed while working for Universal Health Services and brought this to the attention of Human Resources on April 3, 2018. She explains that on that same date her position was posted online and that she was eventually terminated on May 18, 2018.

**I.    ANALYSIS**

  **A.    Screening standard**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

1  would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*,
2  556 U.S. at 678). In considering whether the complaint is sufficient to state a claim, all
3  allegations of material fact are taken as true and construed in the light most favorable to the
4  plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc*., 135 F.3d 658, 661 (9th Cir. 1998)
5  (citation omitted).

6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a
7  plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,
8  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is
9  insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through
10 amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding
11 the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12 **B.    Screening the complaint**

13 Title VII prohibits employers from discriminating against an employee because that
14 employee "has opposed any practice made an unlawful employment practice by this subchapter,
15 or because he has made a charge, testified, assisted, or participated in any manner in an
16 investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To make
17 out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected
18 activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link
19 exists between the protected activity and the adverse action. *See Steiner v. Showboat Operating*
20 *Co.*, 25 F.3d 1459, 1464 (9th Cir.1994).

21 Here, Plaintiff sufficiently explains that she reported harassing conduct to Human
22 Resources on April 3, 2018, thus meeting the first element. She also claims she was terminated,
23 which meets the second element. Lastly, she explains that the same day she complained to Human
24 Resources her job was posted online and she was terminated a few weeks later. This also suffices
25 for purposes of the last element.

26 **IT IS THEREFORE ORDERED** that Plaintiff may proceed with the single retaliation
27 claim against Universal Health Services set forth in her Amended Complaint (ECF No. 14).
28

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 20, 2021, to fill out and file the required USM-285 form. On the form, Plaintiff must fill in defendant's last-known address so that the defendant may be served.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summons to the defendant using the address Plaintiff provides on the filed USM-285 form.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summons, the filed USM-285 form, and the operative complaint (ECF No. 14) on the U.S. Marshals Service for purposes of effecting service.

**IT IS FURTHER ORDERED** that upon receipt of this order, the summons, the USM-285 form, and the operative complaint, the U.S. Marshal shall attempt service upon defendant pursuant to Fed. R. Civ. P. 4(c)(3).

DATED: July 20, 2021.

Brenda Weksler
United States Magistrate Judge