**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Brittany Robinson, | Case No. 2:19-cv-01530-RFB-BNW |
| Plaintiff, | |
| v. | **Report and Recommendation re ECF Nos. 32, 33, & 34** |
| Universal Health Services, Inc., | |
| Defendant. | |

Before the Court are several motions. First is Plaintiff Brittany Robinson's "Objection/Appeal" to Judge Youchah's Minute Order (at ECF No. 27) indicating the case settled during an Early Neutral Evaluation. ECF No. 32. In turn, Defendant Universal Health Services, Inc. filed a Motion to Strike Plaintiff's "Objection/Appeal." ECF No. 34. Plaintiff opposed Defendant's motion to strike. ECF No. 35. Defendant replied. ECF No. 38.

Next is Defendant Universal Health's motion to enforce the settlement between the parties. ECF No. 33. Plaintiff responded at ECF No. 36, and Defendant replied at ECF No. 39.

**I.   Background**

On September 3, 2019, this case was assigned to the Early Neutral Evaluation ("ENE") Program and United States Magistrate Judge Elayna Youchah was assigned to the case as the settlement judge. ECF No. 1. Upon Defendant's appearance a few months later, Judge Youchah set the ENE for January 11, 2022. ECF No. 22. Plaintiff was not represented by counsel at the ENE. At the conclusion of the ENE, the parties placed the settlement agreement, including all material terms, on the record. ECF No. 30 (Sealed Transcript of Proceedings).

After the ENE, Plaintiff appears to have retained counsel for the limited purpose of advising her as to issues surrounding the settlement. Defense counsel communicated with Plaintiff's counsel several times regarding the need for Plaintiff to sign the agreement. Counsel for Plaintiff ultimately stated he was not representing Plaintiff. As a result, defense counsel

reached out to Plaintiff directly. Plaintiff stated she would not sign the agreement at that time. She also mentioned she did not have an attorney during the ENE and that she had been under duress.

## II.  Motion to Enforce Settlement

Defendant argues that after three hours of negotiations at the ENE the parties reached a settlement as to all material terms. It also argues that the parties memorialized the settlement on the Court's record and that Plaintiff expressly stated she understood and agreed with the settlement terms.[1] Defendant argues that Plaintiff simply had a change of heart: There was never any suggestion that Plaintiff was concerned about not having counsel during the ENE or that she was not in the right state of mind to settle the case during the ENE. Defendant also seeks sanctions in the form of attorney's fees for having to bring the instant motion.

The Court considers Plaintiff's arguments at both ECF No. 32 (her "Objection/Appeal") and at ECF No. 36 (opposing Defendant's motion to enforce). She argues that she should be able to "appeal" the settlement reached between the parties due to mitigating circumstances. She states that she was under duress and entered into a settlement because she thought the case would otherwise come to an end. In addition, she argues she had a panic attack in the conference room. She also explains she did not have counsel and that she did not obtain what she most wanted—the ability to get her job back.

Defendant's reply argues that the notion of duress is a fantasy as Plaintiff was never threatened or forced to do anything. In addition, it argues that Plaintiff has set forth no facts upon which this court could find she was under duress. Importantly, Defendant points out Plaintiff never indicated that she did not want to proceed with the settlement or that she was having any issues with breathing or her health.

### A. Legal Standard

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are

---

[1] The material terms of the settlement agreement were recited and agreed to by Plaintiff on the record and are contained in a sealed transcript. *See* ECF No. 30 at 3–5.

governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. *Id*. "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012).

Even though a formal settlement agreement has not yet been signed, the Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time. *See May*, 121 Nev. 668; *see also Singh v. Reed*, 551 Fed. Appx. 927 (9th Cir. 2014). Moreover, "where the parties represent in open court that a settlement was reached and place the terms of the settlement on the record, courts are empowered to summarily require the parties to comply with those terms." *Harper v. Nevada Property 1, LLC*, Case. No. 2:19- cv-02069-GMN-VCF, 2021 WL 3418350 (D. Nev. 2021).

"A contract is voidable due to duress when there has been an 'improper threat' that leaves the victim of the duress with 'no reasonable alternative' than to assent." *See Healey v. Adamson*, No. 3:19-cv-00483-MMD-CLB, 2021 WL 3509717, at *2 (D. Nev. Aug. 10, 2021) (citing Restatement (Second) of Contracts § 175(1)); *see also* 28 Williston on Contracts § 71:11 (4th ed.) ("Under the traditional doctrine of duress, courts often speak of an alleged victim of duress as having been deprived of free will or free agency, or of having acted involuntarily as the result of some imminent and wrongful or unlawful act or threat.").

**B. Analysis**

After reaching a settlement during the ENE, Judge Youchah placed the essential terms of that settlement on the record. *See* ECF No. 30. Plaintiff expressly agreed to these terms. *Id*. Plaintiff simply appears to have had a change of heart. This is buttressed by her statement that what she most wanted was to get her job back, which was not part of the agreement. However, "'[a]n agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing.'" *Doi v. Halekulani*

1  *Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting *In re Christie,* 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994)).

In addition, Plaintiff does not provide any specific facts to substantiate the notion that she was under duress. She does not state that she was threatened by anyone or that she was forced by anyone to enter into an agreement. Instead, she explains that she thought the case would end if she did not enter into an agreement. But this does not constitute duress. Of note, she never alleges any threats or that she asked Judge Youchah to stop the ENE at any point for any reason, including because of a panic attack.

Lastly, the Court listened to the recording of the hearing at which the parties put the materials terms of the agreement on the record. There is no indication that Plaintiff was threatened in any way.

Accordingly, the undersigned will recommend that Defendant's motion to enforce settlement be granted.

**C. Sanctions**

A court has inherent power to sanction a party if it acts in "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" as well as for "willful abuse [of the] judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff was not represented by counsel when she entered into the settlement agreement. It is clear from her filings that Plaintiff is not familiar with the legal process. The Court might decide this issue differently if there were evidence that Plaintiff was advised (by the Court or the attorney with whom she was consulting) that her failure to abide by her agreement would result in sanctions. As it stands, it simply appears that Plaintiff regrets the decision she made and is trying to get a do-over (albeit by resorting to unsubstantiated allegations). As a result, in its discretion, the Court will not impose any sanctions.

//

//

//

### III. Remaining Motions

As to Plaintiff's "Objection/Appeal" to Judge Youchah's Minute Order (at ECF No. 32), the Court has already addressed the issues raised in the minute order. As a result, it recommends that this motion be denied as moot.

For the same reasons, the Court recommends denying Defendant's Motion to Strike (ECF No. 34) as moot.

### IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendant Universal Health Services, Inc.'s Motion to Enforce Settlement (at ECF No. 33) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Brittany Robinson's Objection/Appeal to Magistrate Judge Elayna Youchah's Minute Order (at ECF No. 32) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Strike Plaintiff's Objection/Appeal (at ECF No. 34) be **DENIED** as moot.

### V. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within **14 days** of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 29, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE