1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRITTANY ROBINSON,

        Plaintiff,

   v.

UNITED HEALTH SERVICES, INC.,

        Defendant.

Case No. 2:19-cv-01530-RFB-BNW

**ORDER**

Before the Court for consideration is the Report and Recommendation of the Honorable Brenda Weksler, United States Magistrate Judge, dated August 29, 2022. ECF No. 40. The Magistrate Judge's recommendations relate to Plaintiff Brittany Robinson's Objection/Appeal to Magistrate Judge Elayna Youchah's Minute Order (ECF No. 32); Defendant Universal Health Services, Inc.'s Motion to Enforce Settlement (ECF No. 33), and Defendant's Motion to Strike Plaintiff's Objection/Appeal (at ECF No. 34).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).  Here, Plaintiff opposed the Magistrate Judge's Report and Recommendation within the required time period. ECF No.  41.  Thus the Court will determine what aspects of the Report Plaintiff disputes, and issue a *de novo* determination as to those aspects only.

Magistrate Judge Weksler recommended that the Court (1) grant Defendant's Motion Enforce Settlement; (2) deny Plaintiff's Objection/Appeal to Magistrate Judge Elayna Youchah's

1    Minute Order as moot, and (3) also deny Defendant's Motion to Strike Plaintiff's

2    Objection/Appeal as moot.

3         Plaintiff filed an objection to Judge Weksler's Report and Recommendation on September

4    7, 2022.  ECF No. 41. The objection contains four sentences, that amount to four objections to the

5    way she herself participated in both the litigation and, more specifically, the Early Neutral

6    Evaluation Session held before Magistrate Judge Youchah on January 1, 2022.  ECF No. 27.

7         Plaintiff four-sentence objection states as follows: that the EEOC presented her with a right

8    to sue letter without providing her an agency lawyer; that she had to obtain her own lawyer, and

9    that she signed a retainer with a private practitioner on December 14, 2021 (i.e. a little under one

10   month before the ENE); that she did not know that having a lawyer at the ENE would "give [her]

11   a fair chance" though she states that Magistrate Judge Youchah stated that "if [she had an

12   attorney]" that person would be able to assist Plaintiff more" (than, presumably, Judge Youchah

13   could);  that this is not a case of "Buyer's remorse" as to the terms of the settlement agreed to at

14   the ENE.

15        The Court does not read this four-sentence filing as an objection to Judge Weksler's

16   findings in the Report, which gave special consideration to Plaintiff's status as a pro se litigant and

17   made specific findings based on the record.  See generally 28 U.S.C. § 636(b)(1).

18        Judge Weksler's well-reasoned Report specifically reviews "Plaintiff's arguments at both

19   ECF No. 32 (her "Objection/Appeal") and at ECF No. 36 (opposing Defendant's motion to

20   enforce)."  Report, pg. 2.  Judge Weksler notes that the material terms of the parties' settlement

21   agreement, which were reached after three hours of negotiations, were read on the record by Judge

22   Youchah and that Plaintiff expressly agreed to those terms, also on the record.  Ex post, Judge

23   Weksler found, Plaintiff expressed remorse, arguing that she wanted to "get her job back" and that

24   she consented to the agreement under duress. Judge Weksler reviewed the record, including the

25   recording of the ENE, and concluded that "[t]here is no indication that Plaintiff was threatened in

26   any way."  She also did not stop the ENE because of any panic attack or request any assistance or

27   medical services.  Judge Weksler's conclusion that under Ninth Circuit precedent, there is nothing

28   on the record that suggests the parties' agreement on the record should not be binding, is sound,

and Plaintiff does not challenge the operative analysis in the Report. <u>See Doi v. Halekulani</u>, 276 F.3d 1131, 1138 (9th Cir. 2002) ("[a]n agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing." ) (internal citation and quotation marks omitted).

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge is ADOPTED in full.

IT IS FURTHER ORDERED Parties shall have thirty days to file a stipulation and order memorializing the settlement agreement, as agreed to in open court. If no joint stipulation is filed, Defendant may file a proposed order based upon its understanding of the settlement agreement. If Plaintiff is currently represented by counsel, she should notify the Court immediately, and her lawyer is advised to notice their appearance as required by law.

**DATED:** <u>December 2, 2022</u>

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**