# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Brittany Robinson, | Case No. 2:19-cv-01530-RFB-BNW |
| Plaintiff, | |
| v. | **Order** |
| Universal Health Services Inc, | |
| Defendant. | |

Before the Court is Defendant's motion seeking to seal Exhibit A attached to a stipulation to dismiss the case. ECF No. 47. No opposition has been filed.

**I.   Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

### A. The Burden to Seal Has Not Yet Been Met

Defendant seeks to seal the agreement between the parties. Because this document is attached to a dispositive motion, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

The sole reason presented for sealing is the need to preserve the confidentiality of the settlement agreement. Generally, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to satisfy the burden. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted). The declaration that a settlement agreement must be sealed because the parties agreed to maintain confidentiality has been called, by one court, "woefully insufficient to meet the parties' burden." *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 931780 (S.D. Cal.) (denying without prejudice a motion to seal a settlement agreement in a FLSA case based solely on the parties' agreement to keep the settlement confidential); *see also Gamble v. Arpaio*, 2013 WL 142260 (D. Ariz.)

("Because the parties' prior settlement agreement required them to maintain the confidentiality of the terms of their agreement is not a compelling reason to seal the settlement agreement upon the filing of a dispositive motion.").

The Court does not dispute that there may be circumstances that support the sealing of a prior settlement agreement. However, it is incumbent upon the party seeking to seal a document to demonstrate compelling reasons sufficient to outweigh the public's interests in disclosure. That burden has not yet been met here.

Here, the Court finds that Defendant has not demonstrated compelling reasons to seal the document in question.

As a result, Defendant's motion at ECF No. 47 will be denied.

## II. Conclusion

**IT IS THERERFORE ORDERED** that Defendant's Motion to Seal (ECF No. 47) is **DENIED**. The parties will have until February 12, 2023 to file a new request to seal this document (ECF No. 48). Should no motion be filed by then, the Court will unseal the document.

The Clerk of Court is directed to maintain ECF No. 48 under seal until further notice from the Court.

DATED: January 12, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE